**In re MORABITO BROS., INC., Debtor.**

**Bankruptcy No. 93–12280 B.**

United States Bankruptcy Court, W.D. New York.

Oct. 27, 1995.

Aaron, Dautch, Sternberg & Lawson (William E. Lawson, of counsel), Buffalo, New York, for Trustee.

Leader, Maislin & Gaffney (Thomas J. Gaffney, of counsel), Buffalo, New York, for Dole Fresh Vegetables, Inc. and Six L's Packing Company, Inc.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the trustee has objected to the priority status of claims filed on behalf of seven creditors who have asserted rights under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C.A. § 499a–499s (West 1980 & Supp.1995). Although the trustee has framed the issue as a question of claim priority, the real dispute centers upon the definition of the bankruptcy estate from which those claims are to receive a distribution. This characterization of the matter in controversy compels the Court, preliminarily, to consider the proper procedural framework for determining the limits of PACA rights.

In 1984, Congress amended the Perishable Agricultural Commodities Act to provide for the imposition of a trust for the benefit of commodity suppliers. Specifically, the statute impresses this trust upon "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products." 7 U.S.C. § 499e(c)(2). Although the trust arises automatically upon the sale of merchandise, the supplier will lose the benefits of the trust "unless such person has given written notice and has filed such notice with the Secretary [of Agriculture]" within the time limits set forth in the statute. 7 U.S.C. § 499e(c)(3). So long as the supplier preserves the trust through compliance with the statutory provisions, however, it retains a beneficial interest in a floating trust that extends "to all of Debtor's produce related inventory and proceeds thereof." *In re Fresh Approach, Inc.,* 51 B.R. 412, 422 (Bankr.N.D.Tex.1985).

Morabito Brothers, Inc., the debtor herein, filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 26, 1993. At that time and until its conversion to Chapter 7 on August 1, 1994, the debtor conducted business as a food broker. It is not surprising, therefore, that its creditors include various suppliers of fresh and frozen fruits and vegetables. From fifteen of these suppliers, the Department of Agriculture has received notices of intent to preserve trust benefits under PACA. The Department of Agriculture has confirmed that in the absence of a valid defense, twelve of these creditors qualify for this trust protection. Of these twelve, seven creditors have filed proofs of claim asserting priority or secured status solely by reason of their position as trust beneficiaries. As to these claims, the trustee now objects.

In the course of his administration of the debtor's estate, the trustee sold various trucks and other personal property for a consideration of $8,354.46, and has further recovered preferential payments totalling $3,414.88. Other preference actions remain pending at this time. During the oral argument on the trustee's claim objection, both the trustee and counsel for the claimants attempted to address difficult issues regarding the trust character of the assets. While these issues are fascinating and unsettled,[1] the current procedural context does not permit their consideration at this time.

Section 541(a)(1) of the Bankruptcy Code provides that the debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Where, however, a debtor retains "only legal title and not an equitable interest," such property "becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). As to assets that are impressed with a valid trust, the legal title of the estate becomes subject to the interests of the trust beneficiaries. 4 Lawrence P. King, et al., Collier on Bankruptcy ¶ 541.13 (15th ed. 1995). Recognizing this result is the decision of the Supreme Court in *Begier v. IRS,* 496 U.S. 53, 59, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990): "Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'" As with any property held in trust for another, the corpus of a PACA trust will not constitute estate assets available for distribution generally to creditors.

The Bankruptcy Code recognizes only those priorities that are set forth in 11 U.S.C. § 507. This statute accords no special priority to PACA claimants. In a technical sense, therefore, the trustee's objection is well founded. As to distributions from property of the estate, the seven PACA claimants shall receive treatment as general unsecured creditors only. For purposes of completing the

---

1. Among the issues which might ultimately require consideration are whether the PACA trust extends to equipment acquired prior to commodity purchases upon which the PACA claims are based, whether a PACA trust may be reimposed upon assets recovered as a preference, and the extent to which the PACA trust is subject to the claims of the Chapter 7 trustee for payment of his costs and expenses.

administration of this case, however, no distribution can occur until the assets of the estate are fully deliniated. What the trustee would wish this Court to decide is a further issue: does a valid trust impress upon assets that are now in the possession of the trustee?

 The resolution of claims against estate assets is a process distinct from the determination of the estate's interest in property. Designed to settle the allowance of claims, the current objection does not provide an appropriate mechanism for resolving the respective interests of trust beneficiaries and the estate in and to assets in the possession of a bankruptcy trustee. Rather, Bankruptcy Rule 7001 requires commencement of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property...." More fundamentally, due process mandates that all property claimants receive appropriate notice and opportunity to object to any decision affecting their property interests. In the present instance, fifteen suppliers have filed papers with the Department of Agriculture to assert interests as trust beneficiaries in assets in which the debtor held legal title. If indeed a trust exists, these suppliers may retain property rights that remains outside the bankruptcy estate and which will survive any failure to file a proof of claim. The trustee's claim objection implicates only seven of these potential trust beneficiaries. Although a claim objection will suffice to resolve distribution rights from the estate, the termination of colorable property interests will require the greater procedural protections of an adversary proceeding.[2]

For the reasons stated above, the Court will accord only general unsecured status to the claims of Vista Packing Company; Fresh Choice Produce; Varsity Produce Sales; A. Duda & Sons, Inc.; Dole Fresh Vegetables, Inc.; Growers Vegetable Express; and Six L's Packing Co., Inc. These claims shall be subject to offset, however, for the amount of any distribution from a PACA trust. Nothing in this decision shall be deemed to deter-

mine interests that are not property of the estate. To the extent that he wishes to determine the scope of any property interests, such as those of PACA trust beneficiaries, the trustee should commence an appropriate adversary proceeding.

So ordered.

---

2. If all potential trust beneficiaries had filed proofs of claim, the Court might have urged the parties to waive the formality of an adversary proceeding. At least five such potential benefi-

ciaries have not filed proofs of claim and have not been accorded the opportunity to establish superior property interests in the assets that are now in the trustee's possession.